# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Monica L. Damron,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 2:17-cv-44

Commissioner of Social Security,　　　Judge Michael H. Watson

    Defendant.　　　　　　　　　　　　Magistrate Judge Jolson

## OPINION AND ORDER

The Magistrate Judge issued a Report and Recommendation ("R&R") in this Social Security case recommending the Court affirm the Commissioner's decision that Plaintiff was not disabled prior to September 4, 2012. R&R 13–14, ECF No. 18. Monica L. Damron ("Plaintiff") timely objected to the R&R. Obj., ECF No. 19. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **AFFIRMS** the decision of the Commissioner.

## I.　PROCEDURAL HISTORY

Plaintiff first filed for disability insurance benefits and supplemental security income benefits on April 10, 2006. That application was denied initially, upon reconsideration, and by an Administrative Law Judge ("ALJ") on December 17, 2007.

Plaintiff then filed again for disability insurance benefits and supplemental security income on June 21, 2010. Those claims were denied initially and upon reconsideration. After a hearing, the ALJ issued a partially-favorable decision

finding that Plaintiff was disabled beginning on September 4, 2012, but not before then. The Appeals Council denied review of that decision, and Plaintiff filed suit in this Court. Magistrate Judge King, to whom this case was referred upon consent of the parties, partially reversed the ALJ's decision and remanded Plaintiff's claims for further consideration. Magistrate Judge King remanded to the ALJ for consideration of whether optometrist Sarah Yoest's consultative opinion, which was rendered on September 4, 2012, was relevant to Plaintiff's vision impairments prior to that date.

On remand, the ALJ once again concluded that Plaintiff was not disabled prior to September 4, 2012. The Appeals Council denied Plaintiff's request for review, and Plaintiff again filed suit in this Court.

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when a party timely objects to an R&R on a dispositive matter, the district judge reviews *de novo* any portion to which a proper objection was made. The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

Dr. Yoest examined Plaintiff on September 4, 2012. In her report, Dr. Yoest stated that Plaintiff's 20/40 left eye visual acuity "is misleading" and that "visual function is much worse than acuity would indicate." 9/4/12 Yoest Report,

ECF No. 10-7, at PAGEID # 705. At bottom, Plaintiff contends that Dr. Yoest's opinion calls into question all of the prior visual acuity testing in the file, showing that, while none of the results of prior tests were severe enough to lead to a finding of disability on their own, her vision was always much worse than any of that testing indicated and that Plaintiff was disabled prior to September 4, 2012. Plaintiff argued in her statement of errors that the ALJ failed to evaluate this portion of Dr. Yoest's opinion when the ALJ concluded on remand that Dr. Yoest's opinion did not support a finding of disability prior to September 4, 2012. As mentioned above, the R&R recommended overruling Plaintiff's statement of errors and affirming the Commissioner's decision. R&R, ECF No. 18. Plaintiff objects, arguing that the Magistrate Judge failed to appreciate Plaintiff's argument or directly address it in the R&R. Obj. 3, ECF No. 19.

Plaintiff's objection is overruled. The Magistrate Judge did appreciate the argument that Plaintiff was making in her statement of errors and did address that argument directly. Specifically, the R&R states:

> Plaintiff next argues that even if the opinions are not inconsistent, the ALJ "failed to evaluate the most important part of Dr. Yoest's opinion"—that Dr. Yoest believed the visual acuity testing in the claim file was misleading and worse than the acuity measurements indicated.

R&R 11, ECF No. 18. The Magistrate Judge thus obviously understood Plaintiff's argument.

Further, the R&R directly considered, and rejected, Plaintiff's argument. The R&R found that the ALJ actually discussed the issue of visual acuity at

length, acknowledged Dr. Yoest's opinion that Plaintiff's vision was worse than the visual acuity would indicate, but ultimately concluded that no medical records suggested that visual acuity results *prior to* September 4, 2012, were misleading. *Id.* The R&R also determined that the ALJ gave greater weight to Dr. Simmon's opinion regarding whether limitations existed prior to September 4, 2012, than to Dr. Yoest's opinion on that issue (assuming for the sake of argument that Dr. Yoest's report could even be read to include such an opinion). Accordingly, Plaintiff's objection—that the R&R failed to appreciate and address her argument—is **OVERRULED**.

To the extent Plaintiff's objection can be read as a challenge to the Magistrate Judge's conclusion on the issue (as opposed to merely whether the Magistrate Judge understood and directly addressed the issue), the Court has performed a *de novo* review and agrees that the ALJ did address Dr. Yoest's opinion as to the misleading nature of the visual acuity.

On page thirteen of the ALJ's opinion, the ALJ discussed Dr. Yoest's September 4, 2012, opinion, including the fact that Dr. Yoest opined that the 20/40 visual acuity in Plaintiff's left eye was misleading and that Plaintiff's vision was much worse than her acuity would indicate. 11/12/15 ALJ Decision, ECF No. 10-8, at PAGEID # 743. The ALJ discussed Dr. Yoest's opinions on the limitations this would cause to Plaintiff's ability to work. *Id.*

The ALJ then concluded, however, that the medical documentation that existed prior to Dr. Yoest's September 4, 2012, exam and report did not support

a conclusion that the limitations Dr. Yoest suggested in that report were present prior to the date of the exam. *Id.* As a preliminary matter, the ALJ specifically referenced the fact that nothing in the report itself actually states that Dr. Yoest concluded that prior visual acuity tests were misleading (as opposed to only the acuity testing that she performed in September of 2012 being misleading). *Id.* at PAGEID # 744 ("Accordingly, I give little weight to Dr. Yoest's assessment *to the extent it could be construed* to be more restrictive than the above-identified residual functional assessment for the period prior to September 4, 2012."). The ALJ went further, though, and concluded that, even *if* Dr. Yoest was opining that the prior visual acuity tests were misleading, such that her opinion on limitations could be construed as applying to a period before September 4, 2012, that opinion was not supported by the medical documentation. Specifically, the ALJ noted that while Dr. Yoest reported that Plaintiff would need 18-20 point print with contrast enhancement for fluency in reading, *id.* at PAGEID # 743, an evaluation as recent as October of 2012 stated that Plaintiff could discriminate 8 point print. *Id.* at PAGEID # 744. Finally, the ALJ determined to give greater weight to opthamologist Dr. Simmon's opinion on the issue of "functional limitations three years prior to the date of" Dr. Yoest's examination. *Id.* The paragraph in which the ALJ discusses Dr. Simmon's and Dr. Yoest's opinion makes clear that he adopts Dr. Simmon's opinion over Dr. Yoest's opinion regarding the misleading nature of the visual acuity testing due to the facts that: (1) Dr. Simmons is an opthamologist and Dr. Yoest is an optometrist, and (2) Dr. Yoest's opinion was

not supported by contemporaneous medical or visual evidence, including the 2010 and 2011 reports of Dr. Pappa, who failed to submit any contemporaneous visual limitations with his reports. *Id.* Thus, Plaintiff's argument that the ALJ "failed to spell out" that he was adopting Dr. Simmon's opinion over Dr. Yoest's visual acuity opinion is incorrect.

## IV. CONCLUSION

In sum, the Court concludes that the Magistrate Judge understood Plaintiff's argument and addressed that argument in the R&R. Moreover, the Court further concludes upon *de novo* review that the Magistrate Judge was correct in finding that the ALJ considered the visual acuity portion of Dr. Yoest's opinion. Accordingly, Plaintiff's objection is **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for the Commissioner and terminate this case.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**